### ISAAC WILCOX AND WIFE v. MARSHALL R. SMITH.

It not appearing that the affidavit required, upon appeal from a judgment in the court for the trial of small causes, on verdict of a jury, was presented to the justice within the time limited by law for demanding an appeal, the Court of Common Pleas properly dismissed the appeal; and a *mandamus* to re-instate is refused.

---

On application for *mandamus*.

Argued at February Term, 1884, before Justices Reed and Parker.

For the applicants, *J. G. Shipman & Son.*

*Contra*, *M. R. Smith.*

The opinion of the court was delivered by

PARKER, J. On November 29th, 1882, a judgment was obtained by Smith against Wilcox and wife, in the court for the trial of small causes, on the verdict of a jury. The next succeeding term of the Court of Common Pleas of that county commenced on the 2d day of January, 1883.

On the said 2d of January, 1883—the last day to demand an appeal—an appeal was granted by the justice.

The docket of the justice sets forth that, on the 2d day of January, an appeal-bond was presented and an appeal granted, but the docket is silent as to an affidavit having been presented with the bond.

On the 3d day of January, 1883, the appeal papers were filed in the office of the clerk of the Court of Common Pleas, and among the papers on file was a bond and an affidavit, both purporting to be dated on January 2d, 1883.

The date of the *jurat* of the affidavit has manifestly been changed, the figure " 2 " having been written over some other figure.

Upon the appeal being called, the Common Pleas dismissed it, on the ground that there was nothing to show that any affidavit had been presented to the justice on the 2d of January, 1883.

A rule had been taken on the justice, in the Court of Common Pleas, to certify whether an affidavit was tendered to him on the 2d of January, and whether the affidavit sent with the papers to the clerk's office was the affidavit first tendered to him.

The justice failed to certify in response to that rule, and the Court of Common Pleas, as before stated, dismissed the appeal.

Subsequently, a motion was made before the Court of Common Pleas to re-instate the appeal. Another rule on the justice was taken, and in response to it, he certified that the affidavit filed with him was dated on the 3d day of January, 1883, and that he sent it to the clerk of the court with the appeal papers. The justice does not state that any affidavit

was filed or presented to him on the 2d day of January. If the affidavit presented was dated on the 2d day of January, as the justice certifies, it could not have been tendered to the justice on the 2d day of January, which was the last day for demanding the appeal.

The affidavit not having been presented to the justice within the time directed by the statute, the Court of Common Pleas had no jurisdiction of the appeal, and properly refused to re-instate it.

Application for *mandamus* to Common Pleas, directing the re-instating of the appeal, is refused, with costs.